UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FEDERAL HOME LOAN MORTGAGE
CORP.,                                                                  Case No. 12-12130

    Plaintiff/Counter-Defendant,              Honorable Nancy G. Edmunds

v.

TONY SHAMOON AND RONY SHAMOON,

    Defendants/Counter-Plaintiffs.
_____/

**OPINION AND ORDER GRANTING COUNTER-DEFENDANT FEDERAL HOME LOAN MORTGAGE CORPORATION'S AND INTERVENOR FEDERAL HOUSING FINANCE AGENCY'S MOTION FOR JUDGMENT ON THE PLEADINGS [6]**

This foreclosure-related litigation comes before the Court on a motion for judgment on the pleadings brought by Counter-Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") and Intervenor Federal Housing Finance Agency ("FHFA"), pursuant to Federal Rule of Civil Procedure 12(c).  Plaintiffs' Counter-Complaint, brought pursuant to 42 U.S.C. § 1983 and timely removed to this Court, alleges due process and equal protection violations of Plaintiffs' federal constitutional rights under the Fifth and Fourteen Amendments arising out of the foreclosure sale of their residential property to Freddie Mac on May 19, 2011.  For the reasons stated below, this Court holds that Freddie Mac is not a government actor that can be held liable for the constitutional violations Plaintiffs allege

and thus GRANTS Freddie Mac's and FHFA's motion, and dismisses Plaintiffs' Counter-Complaint.[1]

**I. Background**

The following facts are undisputed. Tony Shamoon obtained a $164,000 mortgage loan from Chase Manhattan Mortgage Corporation on March 8, 2004 for residential property located at 3405 Fox Hill Drive, Sterling Heights, Michigan. (Counter-Compl., ¶ 7; Mot., Ex. A, Note.) As security for the loan, Shamoon granted a mortgage on the Fox Hill property to Chase. (Counter-Compl., ¶ 7.)

Shamoon defaulted on the mortgage loan, and Chase foreclosed under Michigan's foreclosure by advertisement statute, Mich. Comp. Laws §§ 600.3201, *et seq.* (*Id.* at ¶¶ 9, 10.) The Fox Hill property was sold to Freddie Mac at a May 19, 2011 sheriff's sale. (*Id.* at ¶ 10; Mot., Ex. B, 5/19/11 Sheriff's Deed.)

Under Michigan law, Mich. Comp. Laws § 600.3240, Shamoon had six months to redeem the property. He failed to do so, and title to the Fox Hill property vested in Freddie Mac on that date. *See* Mich. Comp. Laws § 600.3236.

On December 20, 2011, Freddie Mac brought an action in Michigan's 41-A District Court against Tony Shamoon and Rony Shamoon ("Plaintiffs") and all other occupants of the Fox Hill property to recover possession of that property. (Counter-Compl. at ¶ 12; 5/11/12 Removal Notice, Ex. A, 12/20/11 summons and compl.)

---

[1] Because Plaintiffs' Counter-Complaint alleges only constitutional claims, there is no need to address the additional arguments raised by Freddie Mac's counsel at the January 30, 2013 hearing in this matter.

On March 12, 2012, Plaintiffs filed a Counter-Complaint against Freddie Mac alleging that it violated Plaintiffs' constitutional rights. On May 11, 2012, Freddie Mac removed the claims in Plaintiffs' Counter-Complaint to this Court [ECF No. 1]; and on May 31, 2012, a stipulated order was entered allowing FHFA to intervene [ECF No. 3]. This matter is now before the Court on Freddie Mac's and FHFA's motion for judgment on the pleadings and seeking dismissal of all claims asserted in Plaintiffs' Counter-Complaint.

**II.    Standard of Review**

At any time after the pleadings close, but before trial commences, a party may move for a judgment on the pleadings. *See* Fed. R. Civ. P. 12(c). The standard of review is the same *de novo* standard applicable to a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6). *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief. *See Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements

of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)  The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 679 (internal quotation marks and citation omitted).  Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* (internal quotation marks and citation omitted).  Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*  In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* at 678 (internal quotation marks and citation omitted).

Moreover, "documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)).  "A court may also consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment." *Id.* at 336.  In addition, documents not attached to

the pleadings may still be considered part of the pleadings when the "document is referred to in the complaint and is central to the plaintiff's claim." *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999) (internal quotation marks and citations omitted).

### III. Analysis

In their Counter-Complaint, Plaintiffs ask this Court to declare that Freddie Mac is a governmental actor that violated Plaintiffs' due process and equal protection rights under the United States Constitution, to set aside the foreclosure sale as a violation of Plaintiffs' constitutional rights, to enter an order enjoining Freddie Mac from evicting them from the Fox Hill property, and to award Plaintiffs damages, attorney fees and costs under 42 U.S.C. §§ 1983 and 1985. (Counter-Compl., Counts I-IV.) In their motion, Freddie Mac and FHFA argue that Plaintiffs' § 1983 and constitutional claims based on an alleged denial of their Fifth and Fourteenth Amendment due process and equal protection rights fail as a matter of law because there is no government actor. This Court agrees with Freddie Mac and FHFA, grants their motion, and dismisses Plaintiffs' Counter-Complaint.

It is well-established that Plaintiffs cannot maintain their § 1983 and constitutional claims against Freddie Mac absent state action. *See Rubin v. Fannie Mae*, No. 12-cv-12832, 2012 WL 6000572, at * 2 (E.D. Mich. Nov. 30, 2012) (citing *Northrip v. Fed. Nat'l Mortg. Ass'n*, 527 F.2d 23, 25 (6th Cir. 1975)). Plaintiffs argue that, by virtue of FHFA's conservatorship, Freddie Mac is a government actor that can be held liable for constitutional violations. This Court disagrees and follows the rationale and result reached by the federal courts addressing similar claims, applying the Supreme Court's decision in *Lebron v. National Railroad Passenger Corp.*, 513 U.S. 374 (1995), holding that Freddie Mac, and similar entity Fannie Mae, were not governmental actors post-conservatorship,

and dismissing claims alleging a constitutional violation as a matter of law.  *See Herron v. Fannie Mae*, 857 F. Supp. 2d 87, 95-96 (D. D.C. 2012); *Lopez v. Bank of America, N.A.*, No. 1:12-CV-667, 2013 WL 150460 at *2-3 (W.D. Mich. Jan. 14, 2013); *Kapla v. FNMA (In re Kapla)*, No. 11-68878, 2012 WL 6569739, at *8-16 (Bankr. E.D. Mich. Dec. 14, 2012); *Rubin v. Fannie Mae*, No. 12-cv-12832, 2012 WL 6000572, at *2-3 (E.D. Mich. Nov. 30, 2012); *Syriani v. Freddie Mac Multiclass Certificates, Series 3365*, No. CV 12-3035-JFW, 2012 WL 6200251, at *4 (C.D. Cal. July 10, 2012).

Similar to Fannie Mae, Freddie Mac operates in the secondary mortgage market, purchasing residential mortgages and "thereby providing mortgage lenders with capital to fund additional mortgage loans."  *Herron*, 857 F. Supp. 2d at 89-90.  Freddie Mac was statutorily created as a private, governmental-sponsored corporation with a majority of its directors elected by its shareholders.  *See* 12 U.S.C. § 1452(a)(2)(A).  In Mid-2008, Congress empowered FHFA to act as conservator or receiver of Freddie Mac in certain circumstances for purposes of "reorganizing, rehabilitating, or winding up [its] affairs."  12 U.S.C. § 4617(a)(2).  On September 6, 2008, FHFA's Director placed Freddie Mac (and Fannie Mae) into conservatorship.

Plaintiffs do not dispute that pre-conservatorship, Freddie Mac was a private actor. Rather, similar to the plaintiffs in *Herron*, *Lopez*, *Rubin*, *In re Kapla*, and *Syriani*, Plaintiffs argue here that "because [FHFA], a federal agency, became Freddie Mac's conservator in 2008, the case law holding that Freddie Mac is not a state actor . . . is no longer relevant."  *Syriani*, 2012 WL 6200251 at *4.  This argument has been soundly and consistently rejected.

> [T]he Federal Housing Finance Agency, as conservator for Freddie Mac, "step[ed] into the shoes" of Freddie Mac, much like a bankruptcy trustee. *See* 12 U.S.C. § 4617(b)(2)(A)(1) (FHFA Conservator, immediately upon the inception of conservatorship, succeeds to "all rights, titles, powers, and privileges of the regulated entity, and of any stockholder, officer, or director"); *Herron v. Fannie Mae*, 857 F. Supp. 2d 87, 2012 WL 1476051 (D. D.C. Apr. 30, 2012) ("Thus, like FDIC when it serves as conservator or receiver of a private party, FHFA when it serves as conservator 'step[s] into the shoes' of the private corporation, Fannie Mae."); *O'Melveny & Myers v. FDIC*, 512 U.S. 79, 86-87, 114 S. Ct. 2048, 129 L. Ed. 2d 67 (1994) (under a materially identical statute, "the FDIC as receiver 'steps into the shoes' of the [pre-existing institution], obtaining the rights 'of th[e] institution' that existed prior to receivership."); *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 144 (D. DC. 2011); *United States v. Beszborn*, 21 F.3d 62, 68 (5th Cir. 1994). Therefore, <u>Freddie Mac does not become a governmental actor for Fifth Amendment purposes merely because it is placed into conservatorship. The Federal Housing Finance Agency's "control" is merely the same control that Freddie Mac had before the conservatorship</u>. As the Court in *Herron* succinctly concluded, "Fannie Mae was not converted into a government entity when it was placed into conservatorship; instead, FHFA stepped into the shoes of Fannie Mae. FHFA as conservator for Fannie Mae is not a government actor." *Herron*, 2012 WL 1476051 at *6. In addition, <u>the temporary nature of the Federal Housing Finance Agency's conservatorship of Freddie Mac also supports the conclusion that Freddie Mac has not been transformed into a governmental actor</u>. *Herron*, 2012 WL 1476051, at *7 (holding that because the Federal Housing Finance Agency's conservatorship "is by nature temporary, the government has not acceded to permanent control over the entity and Fannie Mae remains a private corporation").

*Syriani*, 2012 WL 6200251 at *4 (emphasis added). *See also In re Kapla*, 2012 WL 6569739 at *16 (concluding that "under the *Lebron* test, Fannie Mae is not a government actor, and did not become a government actor when FHFA was appointed as conservator."); *Rubin*, 2012 WL 60000572 at *3 (finding that "Fannie Mae is not a federal actor" and dismissing the plaintiff's "constitutional claims."); *Herron*, 857 F. Supp. 2d at 95 (observing that "[a]lthough the duration of the conservatorship is indefinite, FHFA's control over Fannie Mae is temporary."); *Lopez*, 2013 WL 150460 at *3 (concluding that "[b]ecause Fannie Mae is not under permanent governmental control, it is not a governmental actor

7

for purposes of constitutional challenges."). The decisions Plaintiffs rely on for a contrary result do not address the issue presented here -- whether Freddie Mac is a state actor that can be held liable for alleged constitutional violations.

This Court concludes, consistent with the other federal courts that have addressed the issue presented here, that FHFA's conservatorship of Freddie Mac does not and cannot transform that private corporation into a government actor under the *Lebron* test because FHFA, as conservator, merely "steps into the shoes" of Freddie Mac, a private corporation. Moreover, consistent with the decisions discussed above, this Court concludes that the FHFA's conservatorship does not create the type of permanent control required under *Lebron*. Accordingly, this Court holds that Freddie Mac is not a government actor that can be held liable for the constitutional violations Plaintiffs allege and thus grants Freddie Mac's and FHFA's motion, and dismisses Plaintiffs' Counter-Complaint.

## IV. Conclusion

For the above-stated reasons, this Court GRANTS Defendant Freddie Mac's and Intervenor FHFA's motion for judgment on the pleadings and DISMISSES WITH PREJUDICE all the claims asserted in Plaintiffs' Counter-Complaint.

       s/Nancy G. Edmunds
       Nancy G. Edmunds
       United States District Judge

Dated: February 4, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 4, 2013, by electronic and/or ordinary mail.

       s/Carol A. Hemeyer
       Case Manager